DETERMINED IN THE

# FIFTH DEPARTMENT.*

AT

# GENERAL TERM,

## October, 1885.

---

THE CONCORD SOCIETY OF STRYKERSVILLE, Plain-
tiff, v. JOSEPH STANTON and Others, Defendants.

*Title to the office of trustee of a religious corporation — it cannot be decided in an action
of ejectment — meeting of members to elect trustees — who is to preside — 1813,
chap. 60, sec. 3.*

Where, upon the trial of an action brought to recover the possession of real
property, the title to which is vested in a religious corporation formed under
the act of 1813, it appears that the plaintiffs and defendants, each claim to
be the trustees of the corporation, and that the decision of the case turns
exclusively upon the question, which of the contestants are the rightful trustees,
the court should dismiss the complaint, as it has no power to try the title to
office in such an action.

*It seems,* that vacancies in the offices of trustees of religious corporations, formed
under section 3 of the act of 1813, are to be filled at meetings which are to be
conducted in the manner specified in section 3 of the said act, for the holding
of the first meeting for the election of the first board of trustees of such
corporations.

*It seems,* that the deacons of congregational churches are not "elders or church
wardens" within the meaning of those terms as used in the said third section
of the act of 1813, which authorizes these officers to preside at such meetings; at
such meetings of congregational churches two of the members of the church
should be nominated to preside by a majority of the members present.

MOTION by the defendants for a new trial, on exceptions taken at
the Wyoming Circuit, and ordered to be heard at General Term in
the first instance.

---

* Other cases decided at this term will be found in 37 Hun, 537, 637.

*A. J. Lorish,* for the plaintiff.

*J. Sam Johnson,* for the defendants.

SMITH, P. J.:

This is an action of ejectment to recover possession of a lot of land in the town of Sheldon, in the county of Wyoming, on which are a meeting-house or building for public worship, and other structures. The complaint is in the name of the corporation, "The Concord Society of Strykersville," as plaintiff, and is signed by "A. J. Lorish, plaintiff's attorney," who, as appears by the case, was requested and authorized to bring the action by Myron Warner, R. H. Smith and L. M. Fox, as trustees of said corporation. The defendants also claim to be trustees of said corporation, and claim to hold possession of the property as such trustees. That the title to the property is in the corporation is unquestioned. The controversy as to whether the defendants are entitled to the possession or whether the possessory right is in the three persons who authorized the commencement of the action, turns exclusively upon the question, which of said adverse claimants are the trustees of the corporation?

The plaintiff was duly incorporated under chapter 60, section 3, of the Laws of 1813 (2 R. L. 212), and is a congregational society in its form of worship and church government. Prior to the 14th day of January, 1884, the said Warner, Smith and Fox were the only trustees of said society, and the term of office of said Fox expired on that day. On that day an annual meeting of said society was held, in pursuance of due notice, for the election of a trustee in place of said Fox. Due notice was also given, in pursuance of the statute, that a resolution would be offered at said meeting to increase the number of trustees of said society from three to six, and that, in case of the adoption of said resolution, three additional trustees would be elected at said meeting, one for one year, one for two years and one for three years. It appeared from the evidence that on the 14th of January, 1884, a number of persons, claiming to be members of said society, assembled at the church building, the said Fox entering first, followed immediately by Warner and one Patrick Hogan, the only deacons of said church, who were followed by the defendant,

Stanton, and one ——— Case. Immediately on entering, Case moved that Stanton be elected chairman, put it to vote, and the same was adopted by a vote of a majority of those voting thereon, and was declared by said Case to be carried, and thereupon the said Stanton assumed to act as chairman of said meeting, and the defendant Rosebrook was thereupon elected clerk of said society, and proceeded to act as such. It also appeared that immediately after the motion of said Case to elect Stanton chairman had been put to vote and declared carried, the said Fox, who was then the clerk of said society and of said board of trustees, proceeded to a table in the building and called the meeting to order, and called upon and requested said Warner and Hogan to take the chair and preside at said meeting and election, and that they took the chair and began to preside, and continued to so act until the meeting presided over by them adjourned. Tellers were immediately appointed, and thereupon the meeting presided over by Warner and Hogan proceeded to elect a trustee in the place of Fox, twenty-two votes being cast, all of which were for said Fox, and he was then and there declared, by said presiding officers, duly elected as such trustee. After calling the meeting to order as aforesaid, the said two meetings acted as separate and independent meetings until closed, the persons acting in one taking no part in the other. At the meeting presided over by Stanton tellers were appointed, and thereupon the meeting proceeded to an election by ballot of a trustee in the place of said Fox; all the ballots cast, thirty-two in number, were for Joseph Stanton, and he was declared duly elected; thereupon a resolution was put and adopted increasing the number of trustees from three to six, and the meeting thereupon elected by ballot the defendant Hiram Paul as trustee for three years, the defendant Benjamin F. Rosebrook as trustee for two years, and the defendant Melancthon Abbott as trustee for one year. Evidence was also given tending to show that the defendants, claiming to act as trustees of plaintiff by virtue of the said election, met at the church building and, after notifying said Warner and Smith to meet with them as a board of trustees of said society, passed a resolution requesting one of their number, the defendant Benjamin F. Rosebrook, to demand the key of the church building from said Fox, in whose possession it then was, and in case the said key was not delivered to

him, then to take off the lock from the door of said church and to put another lock in its place; that in accordance with said direction, Rosebrook demanded the key of Fox, who refused to deliver it to him, and thereupon the defendants, claiming to act as trustees of plaintiff, removed the lock from the door of the church edifice and put another lock on said door, and afterwards the key to the last mentioned lock was kept by one of the defendants, and they refused to deliver the same to the said Warner, Smith and Fox.

It is apparent from this statement that if the defendants are lawful trustees of the corporation, as they claim, they are entitled to the possession of the property in suit, while, on the other hand, if they are not trustees, and the only trustees of the plaintiff are the said Warner, Smith and Fox, the defendants are mere intruders and are not entitled to the possession of the property; so that the case, although in form one for the possession of property, necessarily turns exclusively upon the question, which of the contestants are the rightful trustees of the corporation? That question cannot be determined in this action. The title to the office can only be tried in an action brought by the attorney general under section 1948 of the Code of Civil Procedure. The remedy therein provided is exclusive. If we were to treat the question here as an incidental one merely, and decide it for the bare purpose of determining who was entitled to the possession of the property, our decision upon the question of the title to the office would be of no effect in an action to test it brought under the section of the Code referred to, and thus it might turn out that one of the contesting bodies would be awarded the possession of the property and the other be ultimately adjudged, in a proper action, to be the lawful trustees.

These views are supported by many reported cases, among which are the following: *Jackson* v. *Nestles* (3 Johns., 115); *Parish of Bellport* v. *Tooker* (29 Barb., 256); S. C., affirmed, 21 N. Y., 267).

The case of *Reis* v. *Rohde* (34 Hun, 161), cited by plaintiff's counsel, is in harmony with those above cited. The substance of the decision made in that case is that while a court of equity will not restrain acting trustees from continuing to act, at the suit of rival claimants out of possession, it has power in its discretion to restrain claimants out of possession from interfering with the property of the corporation in the possession of acting claimants.

In this action we find the defendants in possession, acting as trustees of the corporation. Following the decisions already referred to, we regard them as trustees *de facto*, and are of the opinion, for the reasons already stated, that we have no power to determine in this action whether they are trustees *de jure*.

While our views upon this question, if correct, will lead to the granting of a new trial, an expression of our opinion upon the merits of the controversy may possibly lead to an adjustment of it by the action of the parties without further litigation.

The third section of the act under which the plaintiff was incorporated (Laws 1813, chap. 60) provides, in substance, that the election of the first board of trustees of any church, congregation or religious society, to which the said section applies, among which are religious societies of the Congregational denomination, shall be as follows: that on the day of election, of which notice shall have been given as prescribed by said section, "two of the elders or church-wardens, and if there be no such officers, then two of the members of the said church, congregation or society, to be nominated by a majority of the members present, shall preside at such election, receive the votes of the electors, be the judges of the qualifications of such electors, and the officers to return the names of the persons who, by plurality of voices, shall be elected to serve as trustees for the said church, congregation or society." And the said section, after providing for a certificate to be made by the said returning officers, and to be proved by them and to be recorded, containing, among other things, the names of the persons elected to serve as trustees of such church, congregation or society, and the name or title by which the said trustees and their successors shall forever thereafter be called and known, further provides that "such trustees and their successors shall also thereupon, by virtue of this act, be a body corporate by the name or title expressed in such certificate."

The sixth section of said act provides, in substance, that whenever the office of any of the trustees shall expire, notice shall be given of an election to fill the vacancy in the manner provided by said section, "and all such subsequent elections shall be held and conducted by the same persons, and in the manner above directed, and the result thereof certified by them, and such certificate shall

entitle the persons elected to act as trustees, and in case any trustee shall die or refuse to act, or remove within the year, notice thereof shall be given by the trustees as aforesaid and a new election appointed and held, and another trustee be elected in his stead, in manner aforesaid."

Thus the sixth section makes the provisions of the third section in regard to the election of the first board of trustees applicable to all subsequent elections of such officers to fill vacancies caused by expiration of term or otherwise. The provisions of section three are specific as to who shall preside at a meeting called for the election of trustees. They are to be "two of the elders or church-wardens, or, if there be no such officers, then two of the members of the church, congregation or society, to be nominated by a majority of the members present." The case shows that the plaintiff society had no officers denominated *elders* or *church-wardens*. It is true it had officers denominated *deacons*, whose powers and duties were similar in many respects to those of the officers in churches of other denominations called elders, but deacons are not designated by the statute as officers to preside at meetings for the election of trustees. The section evidently distinguishes between elders and deacons, for it provides that in case of the death or absence of the minister of the church or society, the notice of the time and place of the election of trustees shall be given by one of the "elders or deacons, church-wardens or vestrymen thereof, and, for want of such officers, any other person being a member or stated hearer of such church," while, as we have seen, two of the members of the church may preside in case of the want of elders or church-wardens, deacons not being mentioned. We think, therefore, as there were no elders or church-wardens, the only persons who could properly preside were two members of the society nominated by a majority of the members present, and the case shows that such has been the practice in this society.

The same provisions as to the persons who shall preside at a meeting for the election of trustees, apply in the case of a meeting to increase or reduce the number of trustees, according to the provisions of section 9 of the act of 1813, as amended by chapter 414 of the Laws of 1866. Such reduction or increase can only be made at an annual meeting. (See *Wheaton* v. *Gates*, 18 N. Y., 406, 407.)

PEOPLE ex rel. L. S. & M. S. R. CO. v. COMMON COUNCIL. 7

FIFTH DEPARTMENT, OCTOBER TERM, 1885.

The case of *The People* v. *Peck* (11 Wend., 604), cited by the plaintiff's counsel, is not adverse to these views. The two persons who presided at the meeting, which was declared regular in that case, were elected for that purpose; although they were deacons of the church, their qualifications to preside was not put upon that ground, the court having distinctly held that at elections of trustees of churches in all the churches of this State, except the Protestant Episcopal and Reformed Protestant Dutch Church, two of the *elders* or *church-wardens* must preside; if there be no such officers, then two of the members may preside.

Evidence was given on the part of the plaintiff tending to show that Stanton, one of the presiding officers, was not a member of the society, and therefore not eligible to preside. The testimony was conflicting on that question and the case was disposed of at the circuit upon grounds which make a decision of that question unnecessary.

We are, therefore, of the opinion that the meeting at which Fox was elected as his own successor was irregular, it not having been presided over by elders or church-wardens or members duly elected, but without deciding the case on this ground, we hold upon the ground first discussed in this opinion, that the circuit judge erred in ordering a verdict for the plaintiff, and that there should be a new trial, costs to abide the event.

BARKER and BRADLEY, JJ., concurred.

Motion for new trial granted, costs to abide event.